UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-02135-JLS-JDE                              Date: January 30, 2018
Title: Jose Antonio Tapia v. Sterigenics US, LLC, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                        Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 12)**

Before the Court is a Motion to Remand filed by Plaintiff Jose Tapia. (Mot., Doc. 12.) Defendant Sterigenics opposed, (Opp., Doc. 13), and Plaintiff replied, (Reply, Doc. 15). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for February 2, 2018, at 2:30 p.m., is VACATED. For the following reasons, the Motion to Remand is GRANTED.

### I.    BACKGROUND

Plaintiff Jose Tapia is a citizen of California. (Compl. ¶ 1, Ex. A to Notice of Removal, Doc. 1-1.) Defendant Sterigenics is a Delaware limited liability corporation with its principal place of business in Illinois; its members are citizens of Ohio. (Notice of Removal ¶¶ 15–16, Doc. 1.) Defendants Robert Ceja and Efrain Guzman are California citizens. (Compl. ¶¶ 3–4.)

From May 1986 until December 2016, Plaintiff was employed by Defendant Sterigenics in its Shipping and Receiving department at its location in Tustin, California. (*Id.* ¶ 16.) In late 2015, Plaintiff began experiencing increasing pain in his neck and back. (*Id.* ¶ 17.) In mid-2016, Plaintiff was diagnosed with a "contusion of the coccyx,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-02135-JLS-JDE                                    Date: January 30, 2018
Title: Jose Antonio Tapia v. Sterigenics US, LLC, et al.

and "lumbar spine strain." (*Id.* ¶ 18.) He was ordered on modified duties with medical restrictions that included "no lifting over 15 [pounds]," "no bending/stooping/climbing," and "no driving forklift." (*Id.*) By October 2016, Plaintiff's restrictions were expanded to limit climbing, bending, stooping, kneeling, squatting, and prolonged standing or walking. (*Id.*) He was also ordered not lift more than 35 pounds and required a 5 minute stretch break for each hour worked. (*Id.*) These restrictions were extended through December 2016, with the modified restriction that Plaintiff could not lift more than 30 pounds. (*Id.*)

Plaintiff alleges that Sterigenics knew of his medical conditions and restrictions but refused to provide a reasonable accommodation; instead, Sterigenics "regularly required Plaintiff to perform duties that violated his medical restrictions," such as moving heavy pallets. (*Id.* ¶ 21.)

Plaintiff also alleges that he experienced age- and disability-related harassment by his supervisors during the tenure of his employment with Sterigenics. Plaintiff alleges that his first supervisor, Robert Ceja, began to make remarks about Plaintiff's age beginning in 2011 and continuing until May 2016, when Ceja was transferred. (*Id.* ¶¶ 22–25.) Further, Plaintiff alleges that Efrain Guzman, Plaintiff's supervisor beginning in mid-2016, "regularly made harassing comments that [Plaintiff] was not 'all there.'" (*Id.* ¶ 19.) Guzman allegedly "insisted to other supervisors that [Plaintiff] be treated differently than non-disabled and younger employees, and that each and every one of [Plaintiff's] mistakes be documented and scrutinized." (*Id.*) Additionally, Plaintiff alleges that Guzman "informed other supervisors that [he] was looking for a reason to fire [Plaintiff]." (*Id.*) Guzman is also alleged to have told other managers that Plaintiff was lying about his injuries and to have made comments regarding Plaintiff's "likelihood of passing away while working." (*Id.* ¶¶ 20, 105.)

On December 7, 2016, Plaintiff was terminated from his employment at Sterigenics. He alleges that his termination was substantially motivated by his age and medical conditions. (*Id.* ¶ 26.)

On October 11, 2017, Plaintiff filed the instant lawsuit in California Superior Court, alleging the following claims pursuant to California's Fair Employment and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-02135-JLS-JDE                                   Date: January 30, 2018
Title: Jose Antonio Tapia v. Sterigenics US, LLC, et al.

Housing Act ("FEHA"): (1) employment discrimination on the basis of disability, Cal. Gov't Code § 12940(a); (2) employment discrimination on the basis of age, Cal. Gov't Code § 12940(a); (3) failure to reasonably accommodate, Cal. Gov't Code § 12940(m); (4) failure to engage in the interactive process, Cal. Gov't Code § 12940(n); (5) retaliation, Cal. Gov't Code. § 12940(h); (6) failure to prevent retaliation, Cal. Gov't Code § 12940(k); (7) harassment on the basis of disability, Cal. Gov't Code § 12940(j); (8) harassment on the basis of age, Cal. Gov't Code § 12940(j); (9) wrongful termination in violation of public policy; (10) declaratory relief; and (11) injunctive relief. (*See id.* ¶¶ 27–147.)

On December 6, 2017, Defendants removed the case to this Court on the basis of diversity jurisdiction. (Notice of Removal, Doc. 1.) On January 4, 2018, Plaintiff filed the instant Motion, seeking to remand the action to state court.

## II.    <u>LEGAL STANDARD</u>

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "However, it is to be presumed that a cause lies outside [the] limited jurisdiction of [the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). There is a "strong presumption" against removal jurisdiction, and courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In establishing diversity jurisdiction, "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter*, 582 F.3d at 1043 (citation and internal quotation marks omitted). "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Id.* "There is a strong presumption against finding fraudulent joinder: In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-02135-JLS-JDE                                              Date: January 30, 2018
Title: Jose Antonio Tapia v. Sterigenics US, LLC, et al.

disputed questions of fact and all ambiguities in the controlling state law are resolved in plaintiff's favor, the plaintiff could not *possibly* recover against the party whose joinder is in question." *Cervantes v. Wells Fargo Bank, N.A.*, No. [], 2015 WL 2127215, at *3 (C.D. Cal. May 6, 2015) (emphasis in original) (citing *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012).

Only "if there is [no] possibility that a state court would find that the complaint states a cause of action against any of the resident defendants," *Hunter*, 582 F.3d at 1046 (citation omitted) (emphasis added), and "the failure is obvious according to the settled rules of the state," *McCabe*, 811 F.2d at 1339, may a district court retain jurisdiction. "In other words, the case must be remanded 'unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.'" *Wilson-Condon*, 2011 WL 3439272, at *2 (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339.

### III.    DISCUSSION

On January 4, 2018, Plaintiff filed the instant Motion, arguing that complete diversity between the parties is lacking because Guzman and Ceja are California citizens. (Mot.)  Sterigenics argues that Guzman and Ceja are fraudulently joined "sham" defendants whose citizenship should be disregarded for purposes of diversity.  (Opp. at 1.)

As an initial matter, Plaintiff has agreed that his claims against Defendant Ceja are time-barred by the relevant statute of limitations; accordingly, Ceja is not a properly joined defendant.  (Mem. at 13, Doc. 12.)  *See Hastie v. Home Depot U.S.A., Inc.,* No. SACV16993JLSDFMX, 2016 WL 4414770, at *3 (C.D. Cal. Aug. 18, 2016) (noting that a defendant may be considered fraudulently joined if a plaintiff's claims against him are barred by the operative statute of limitations).  Therefore, the only question before the Court is whether Guzman was fraudulently joined.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-02135-JLS-JDE                                    Date: January 30, 2018
Title: Jose Antonio Tapia v. Sterigenics US, LLC, et al.

Plaintiff brings three claims against Guzman pursuant to FEHA. The first is for employment discrimination, Plaintiff's second cause of action. (Compl. ¶¶ 41–48.) However, it is clear as a matter of law that individual supervisors cannot be held liable under FEHA for employment discrimination. *Reno v. Baird*, 18 Cal.4th 640, 645 (1998). Accordingly, Plaintiff "could not *possibly* recover against" Guzman for his second cause of action. *See Cervantes*, 2015 WL 2127215, at *3.

Plaintiff's other two claims against Guzman are for harassment on the basis of disability and age, Plaintiff's seventh and eighth causes of action, respectively. (*See* Compl. ¶¶ 98–129.) "To establish a prima facie case for a harassment …under FEHA, the plaintiff must show he was subjected to conduct or comments that were "(1) unwelcome; (2) because of [his age or disability]; and (3) sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Terry v. Register Tapes Unlimited, Inc.*, No. 2:16-00806 WBS AC, 2016 WL 4192438, at *2 (E.D. Cal. Aug. 8, 2016).

Sterigenics argues that Plaintiff's allegations against Guzman are insufficient to sustain a claim for harassment for two reasons. First, Sterigenics argues that Guzman's alleged comments do not qualify as harassment because they were "necessary" to performance of his supervisory job. (Opp. at 11–14.) However, even "necessary" managerial actions, when undertaken in a demeaning manner, may constitute harassment under FEHA. [1] *See Roby v. McKesson Corp.*, 219 P.3d 749, 763, 763 n.10 (Cal. 2009), *as modified* (Feb. 10, 2010) (discussing how official employment actions done in furtherance of a supervisor's managerial role may constitute harassment, and even "necessary" actions may constitute harassment if they are undertaken in a demeaning manner).

Second, Sterigenics argues that Guzman's alleged conduct was not "sufficiently severe or pervasive" to rise to the level of actionable harassment. (Opp. at 14–15.)

---

[1] Moreover, it is not clear as a matter of fact that Guzman's alleged conduct was "necessary for performance of a supervisory job." *See Terry*, 2016 WL 4192438, at *2. For example, Guzman allegedly commented on Plaintiff's "likelihood of passing away while working." (Compl. ¶ 105.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:17-cv-02135-JLS-JDE　　　　　　　　　　　　　　Date: January 30, 2018
Title:  Jose Antonio Tapia v. Sterigenics US, LLC, et al.

While the Court expresses no opinion as to whether the allegations in the Complaint are sufficient in this regard, to the extent that there is such a deficiency, Plaintiff could seek leave to amend to allege additional facts that demonstrate the pervasiveness and severity of Guzman's conduct.  *See Cervantes*, 2015 WL 2127215, at *3.

Accordingly, Sterigenics has failed to establish that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against [Guzman]." *Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999).

## IV.　　**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. The case is remanded to the Orange County Superior Court, Case No. 30-2017-00948991-CU-WT-CJC.

Initials of Preparer:  tg